1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  MARCUS H. YANG (SBN 273509)
   myang@carrferrell.com
3  CARR & FERRELL *LLP*
   120 Constitution Drive
4  Menlo Park, California 94025
   Telephone: (650) 812-3400
5  Facsimile:  (650) 812-3444

6  Attorneys for Plaintiff
   STEVEN F. REIBER

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  STEVEN F. REIBER,                          CASE NO.

12             Plaintiff,

13       v.                                    **COMPLAINT FOR PATENT
                                               INFRINGEMENT**
14  WESTERN DIGITAL CORPORATION, a
    Delaware corporation,                      (U.S. Patent Nos. 7,124,927, and 7,389,905)

15             Defendant.

16                                             **DEMAND FOR JURY TRIAL**

17

18        Plaintiff Steven F. Reiber ("Plaintiff" or "Mr. Reiber") hereby alleges for his Complaint

19  against defendant Western Digital Corporation ("Defendant" or "WD"), as follows.

20                       **<u>JURISDICTION AND VENUE</u>**

21        1.       The United States District Court for the Eastern District of California (the "Court")

22  has jurisdiction over this matter because it is an action for infringement arising under the United

23  States Patent Act (35 U.S.C. § 1 *et seq.*).  Accordingly, the Court has jurisdiction pursuant to 28

24  U.S.C. §§ 1331 and 1338(a).

25        2.       Plaintiff is informed and believes, and thereon alleges, that Defendant is subject to

26  personal jurisdiction in the Eastern District of California (the "District"), because Defendant has

27  caused tortious injury in this District by acts committed both inside and outside this District.

28  Defendant regularly solicits business in this District and derives substantial revenue from the sale of

1   goods, including infringing goods, in this District.  Defendant has, notwithstanding the foregoing,

2   engaged in a persistent course of conduct in this District.

3       3.      Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and

4   1400 because a significant portion of Defendant's infringing activities have occurred in this District.

5

6                                    **THE PARTIES**

7       4.      Plaintiff Steven F. Reiber is an individual residing in this District with a principal

8   place of business at 4121 Citrus Avenue Suite 4, Rocklin, California.

9       5.      Plaintiff is informed and believes, and thereon alleges, that defendant WD is a

10  corporation formed under the laws of Delaware with its principal place of business at 3355

11  Michelson Drive, Suite 100, Irvine, California 92612.  WD is, among other things, a major

12  producer of hard disk drive ("HDD") heads, head gimbal assemblies ("HGAs"), and head stack

13  assemblies ("HSAs").  Plaintiffs are informed and believe, and thereon allege, that the HDD heads

14  manufactured and assembled by WD are supplied to HDD manufactures in the United States and

15  around the world.  In addition to HDD heads that WD itself manufactures, WD also purchases HDD

16  heads and HGAs from other manufacturers.  WD performs bonding on these components to create

17  HGAs and HSAs.  WD conducts substantial business in this District, including at least a portion of

18  the infringement alleged in this Complaint.

19

20                                **GENERAL ALLEGATIONS**

21                                 **The Patents-in-Suit**

22      6.      Plaintiff has developed – and continues to develop – an intellectual property

23  portfolio related to his bonding machine business, including United States Patent No. 7,124,927 and

24  United States Patent No. 7,389,905 (collectively, the "Patents-in-Suit").

25      7.      On October 24, 2006, the United States Patent and Trademark Office duly and

26  legally issued United States Patent No. 7,124,927 (the "'927 Patent"), entitled *Flip Chip Bonding*

27  *Tool and Ball Placement Capillary*.  A true and accurate copy of the '927 Patent is attached hereto

28  as "Exhibit A."  Steven F. Reiber is the named inventor and owner of the '927 Patent.

8.      On June 24, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,389,905 (the "'905 Patent"), entitled *Flip Chip Bonding Tool Tip*. A true and accurate copy of the '905 Patent is attached hereto as "Exhibit B."  Steven F. Reiber is the named inventor and owner of the '905 Patent.

9.      In general terms, the Patents-in-Suit are directed to dissipative flip chip bonding tools (including bonding tips), ball placement capillaries, and systems used to form electrical connections, as well as methods of using such devices.  The patented bonding tools, ball placement capillaries, systems, and methods enable bonding of delicate electronic devices while avoiding damage caused by electrostatic discharge.  Such damage is avoided because the patented dissipative flip chip bonding tools, ball placement capillaries, and systems conduct electricity at a rate sufficient to prevent electrostatic charge buildup, but are sufficiently resistive as to prevent damage to the device being bonded.

10.     The '927 Patent generally discloses a flip chip bonding tool and ball placement capillary system which uses a dissipative material.  The '927 Patent also discloses an ESD-preventive device which uses a flip chip bonding tool and ball placement capillary, as well as methods of using such a device.  The '905 Patent generally discloses a flip chip bonding tool tip which uses a dissipative material.  The '905 Patent also discloses methods of using such a bonding tool tip, as well as methods related to manufacturing a dissipative material for use in a flip chip bonding tool tip.

11.     By virtue of the Patents-in-Suit, Mr. Reiber has the exclusive right to exclude others from making, using, offering to sell, and selling in the United States, or importing into the United States, the articles claimed therein and articles made by the methods claimed therein.  Mr. Reiber has not licensed or otherwise authorized Defendant to make, use, offer to sell, sell or import the articles claimed in the Patents-in-Suit and has not licensed or otherwise authorized Defendant to practice the methods claimed in the Patents-in-Suit.

**Defendant's Unlawful Conduct Relating to the Patents-in-Suit**

12.     The dissipative flip chip bonding tools (including bonding tips) and ball placement capillaries claimed by the Patents-in-Suit are used by Defendant in the manufacture of HDD heads, HGAs, and HSAs.

13.     Mr. Reiber is informed and believes, and thereon alleges, that Defendant, without authority, makes, uses, offers to sell, and sells in the United States, and imports into the United States, including within this District, HDD heads, HGAs, and HSAs that infringe the Patents-in-Suit.  Mr. Reiber is informed and believes, and thereon alleges, that these HDD heads, HGAs, and HSAs are manufactured using infringing bonding  tools (including bonding tips) and ball placement capillaries.

14.     Defendant's unlawful activities have resulted in unjust enrichment to Defendant and immediate and irreparable harm to Mr. Reiber.  If Defendant's unlawful activities are not immediately enjoined, Defendant will continue to be unjustly enriched and will continue to irreparably harm Mr. Reiber.  Mr. Reiber has no adequate remedy at law.

## COUNT I

### (Infringement of United States Patent No. 7,124,927)

15.     Mr. Reiber repeats and re-alleges each of the allegations set forth in paragraphs 1 through 14, as though fully set forth herein.

16.     Steven Reiber is the owner of the entire right title and interest in the '927 Patent.

17.     Mr. Reiber is informed and believes, and thereon alleges, that Defendant's actions in making, using, distributing, offering for sale and selling in the United States and importing into the United States HDD heads, HGAs, and HSAs infringe claims of the '927 Patent.  Mr. Reiber is informed and believes, and thereon alleges, that Defendant will continue to infringe claims of the '927 Patent unless enjoined by the Court.

18.     Mr. Reiber is informed and believes, and thereon alleges, that Defendant is actively inducing others to infringe one or more claims of the '927 Patent and/or committing acts of contributory infringement with respect to one or more claims of the '927 Patent through

1  Defendant's activities related to making, using, distributing, offering for sale and selling in the

2  United States and importing into the United States HDD heads, HGAs, and HSAs in violation of 35

3  U.S.C. § 271(b) and 35 U.S.C. § 271(c), respectively.

4      19.    Mr. Reiber has been damaged by Defendant's infringing conduct.  Defendant is

5  therefore liable to Mr. Reiber for actual damages suffered and any profits realized on the sale of

6  these HDD heads, HGAs, and HSAs, which are not taken into account in the computation of actual

7  damages, as well as any statutory damages, such as treble damages.  In any event, Defendant is

8  liable to Mr. Reiber for an amount at least as great as a reasonable royalty pursuant to 35 U.S.C. §

9  284.  Moreover, such conduct is likely to cause substantial harm to Mr. Reiber unless the Court

10  enjoins the infringing conduct.

11      WHEREFORE, Plaintiff prays for relief as set forth herein.

12

13  **<u>COUNT II</u>**

14  **(Infringement of United States Patent No. 7,389,905)**

15      20.    Mr. Reiber repeats and re-alleges each of the allegations set forth in paragraphs 1

16  through 14, as though fully set forth herein.

17      21.    Steven Reiber is the owner of the entire right title and interest in the '905 Patent.

18      22.    Mr. Reiber is informed and believes, and thereon alleges, that Defendant's actions in

19  making, using, distributing, offering for sale and selling in the United States and importing into the

20  United States HDD heads, HGAs, and HSAs infringe claims of the '905 Patent.  Mr. Reiber is

21  informed and believes, and thereon alleges, that Defendant will continue to infringe claims of the

22  '905 Patent unless enjoined by the Court.

23      23.    Mr. Reiber is informed and believes, and thereon alleges, that Defendant is actively

24  inducing others to infringe one or more claims of the '905 Patent and/or committing acts of

25  contributory infringement with respect to one or more claims of the '905 Patent through

26  Defendant's activities related to making, using, distributing, offering for sale and selling in the

27  United States and importing into the United States HDD heads, HGAs, and HSAs in violation of 35

28  U.S.C. § 271(b) and 35 U.S.C. § 271(c), respectively.

24. Mr. Reiber has been damaged by Defendant's infringing conduct. Defendant is therefore liable to Mr. Reiber for actual damages suffered and any profits realized on the sale of these HDD heads, HGAs, and HSAs, which are not taken into account in the computation of actual damages, as well as any statutory damages, such as treble damages. In any event, Defendant is liable to Mr. Reiber for an amount at least as great as a reasonable royalty pursuant to 35 U.S.C. § 284. Moreover, such conduct is likely to cause substantial harm to Mr. Reiber unless the Court enjoins the infringing conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant as follows:

A. On all counts, declaring that the Patents-in-Suit are valid and enforceable;

B. On all counts, declaring that Defendant has infringed one or more claims of the Patents-in-Suit;

C. On all counts, preliminarily and/or permanently enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all persons acting in active concert or participation with them, from further infringing, contributing to, and/or inducing the infringement of the Patents-in-Suit, in accordance with 35 U.S.C. § 283;

D. On all counts, awarding Mr. Reiber a reasonable royalty in an amount adequate to compensate Mr. Reiber for Defendant's infringement, in accordance with 35 U.S.C. § 154;

E. On all counts, awarding Mr. Reiber damages in an amount adequate to compensate Mr. Reiber for Defendant's infringement, in accordance with 35 U.S.C. § 284;

F. On all counts, for actual damages according to proof;

G. On all counts, for interest on all the foregoing amounts, at the legal rate, with effect from the due date for payment;

H. On all counts, awarding Mr. Reiber his costs of suit, including reasonable attorneys' fees; and

1    I.    On all counts, granting such other and further relief as this Court may deem just and

2  appropriate.

3

4  Dated:  March 24, 2014                    CARR & FERRELL *LLP*

5

6                                           By ___/s/ Robert J. Yorio_____
                                               ROBERT J. YORIO
7                                              MARCUS H. YANG

8                                           Attorneys for Plaintiff
                                            STEVEN F. REIBER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3       Plaintiff Steven F. Reiber hereby demands a jury trial of all issues in the above-captioned

4  action that are triable to a jury.

5  Dated:  March 24, 2014                    CARR & FERRELL *LLP*

6

7                                            By   /s/ Robert J. Yorio
                                                ROBERT J. YORIO
8                                               MARCUS H. YANG

9                                            Attorneys for Plaintiff
10                                           STEVEN F. REIBER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT