1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN F. REIBER,                         No. 2:14-cv-00763-KJM-EFB

12                    Plaintiff,

13          v.                                 ORDER

14   WESTERN DIGITAL CORPORATION, a
     Delaware corporation,
15
                      Defendant.
16

17          This matter is before the court on defendant Western Digital Corporation's motion

18   to dismiss plaintiff Steven F. Reiber's second amended complaint.  (Def.'s Mot. Dismiss, ECF

19   No. 19.)  Plaintiff opposes the motion.  (Pl.'s Opp'n, ECF No. 25.)  The court held a hearing on

20   the matter on January 16, 2015, at which Robert Yorio appeared for plaintiff, and Frank Cote

21   appeared for defendant.  As explained below, the court GRANTS in part and DENIES in part

22   defendant's motion.

23   I.     BACKGROUND

24          This is a patent infringement case involving United States Patent Nos. 6,354,479

25   ("'479 Patent"), 6,651,864 ("'864 Patent"), 6,935,548 ("'548 Patent"), 7,124,927 ("'927 Patent"),

26   and 7,389,905 ("'905 Patent") (collectively, "Patents-in-Suit").  (*See generally* Second Am.

27   Compl., ECF No. 18.)  Plaintiff, a California resident, owns those patents.  (*Id.* ¶¶ 6–11.)

28   Defendant is a producer of hard disk drive ("HDD") heads, head gimbal assemblies ("HGAs"),

                                               1

1  and head stack assemblies ("HSAs").  (*Id.* ¶ 5.)  An HGA is a type of a hard drive head.  *Guzik*

2  *Technical Enters., Inc. v. Western Digital Corp.*, No. 11-03786, 2013 WL 3934892, at *2 (N.D.

3  Cal. July 19, 2013).  An HAS is a mechanism used to access data on a hard drive.  *Id.* at *1.  Both

4  are components of HDDs.  (ECF No. 18 ¶ 12.)

5          The complaint describes the Patents-in-Suit, in general terms, as follows:

6            [T]he Patents-in-Suit are directed to dissipative bonding tools and
          tips used to form electrical connections and methods of using such

7            bonding tools and tips.  The patented bonding tools and tips and
          methods of using them enable bonding of delicate electronic

8            devices while avoiding damage caused by electrostatic discharge.
          Such damage is avoided because the patented dissipative bonding

9            tools and tips conduct electricity at a rate sufficient to prevent
          electrostatic charge buildup, but are sufficiently resistive as to

10            prevent damage to the device being bonded.   The dissipative
          bonding tools and tips claimed by the Patents-in-Suit are used in the

11            manufacture of HDDs, including HDD components such as HGAs
          and HSAs.

12

13  (*Id.* ¶ 12.)  Plaintiff alleges defendant, "without authority, makes, uses, offers to sell, and sells in

14  the United States, and imports into the United States, . . . HDD heads, HGAs, and HSAs that

15  infringe the Patents-in-Suit."  (*Id.* ¶ 21.)

16          Plaintiff commenced this action on March 24, 2014.  (ECF Nos. 1, 2.)  The

17  operative complaint, plaintiff's second amended complaint, alleges infringement of all five

18  patents.  (ECF No. 18 at 6–13.)  Defendant has now moved to dismiss plaintiff's second amended

19  complaint.  (ECF No. 19.)  Plaintiff opposes the motion (ECF No. 25), and defendant has replied

20  (ECF No. 27).

21  II.     LEGAL STANDARD

22          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

23  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

24  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

25  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

26  1990).

27          Although a complaint need contain only "a short and plain statement of the claim

28  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

1   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

2   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

3   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

4   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

5   conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting

6   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

7   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

8   its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

9   interplay between the factual allegations of the complaint and the dispositive issues of law in the

10  action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

11          In making this context-specific evaluation, this court must construe the complaint

12  in the light most favorable to the plaintiff and accept as true the factual allegations of the

13  complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal

14  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted

15  in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

16  judicial notice" or to material attached to or incorporated by reference into the complaint.

17  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

18          In a patent case, the general principles of *Iqbal* and *Twombly* apply to a complaint

19  alleging indirect patent infringement, *see MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d

20  1020, 1022–23 (C.D. Cal. 2014), and Form 18 requirements apply to a complaint alleging direct

21  patent infringement, *see In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681

22  F.3d 1323, 1334 (Fed. Cir. 2012) (Form 18 is "strictly construed as measuring only the

23  sufficiency of allegations of direct infringement, and not indirect infringement").  Form 18 is a

24  sample complaint for direct patent infringement included in the Appendix of Forms to the Federal

25  Rules of Civil Procedure.  *Id.*  "[T]o the extent any conflict exists between *Twombly* (and its

26  progeny) and the Forms regarding pleadings requirements, the Forms control."  *K-Tech

27  Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013).

28  Nevertheless, "an implausible claim for patent infringement rightly should be dismissed."  *Id.* at

3

1284; *see also Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*, No. 12-04070, 2013 WL

3462078, at *3 (N.D. Cal. July 8, 2013).

III.     DISCUSSION

        In the instant case, plaintiff's second amended complaint presents two theories of

indirect patent infringement, both relying on 35 U.S.C. § 271(b):  (1) contributory infringement

and (2) induced infringement.  (*See generally* ECF No. 18.)  However, because plaintiff "has

chosen not to continue his claims for [c]ontributory [i]nfringement against [defendant]" (ECF

No. 25 n.1), the court DISMISSES plaintiff's claim for contributory infringement with prejudice.

Accordingly, the court addresses plaintiff's induced infringement claim only.

        "Whoever actively induces infringement of a patent shall be liable as an infringer."

35 U.S.C. § 271(b).  To establish a claim for induced infringement, a patentee must show the

following: (1) there has been direct infringement by another; (2) defendant knew or should have

known its actions would induce actual infringement; and (3) defendant had specific intent to

induce infringement by another.  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon

Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *see also Vita-Mix Corp. v. Basic Holding, Inc.*,

581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer

knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to

encourage another's infringement of the patent.").  "The mere knowledge of possible

infringement by others does not amount to inducement; specific intent and action to induce

infringement must be proven."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir.

2006) (internal quotation marks omitted).  "To sufficiently plead a claim for induced

infringement, a patentee must allege facts to support each element."  *Avocet Sports Tech., Inc. v.

Garmin Int'l, Inc.*, No. 11-04049, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012).  The court

analyzes below the three elements articulated in *MEMC Elec. Materials.*

        1.     Direct Infringement by Another

        Defendant argues plaintiff does not allege sufficient facts showing direct

infringement by another because the second amended complaint does not identify "any particular

bonding tool" that defendant "allegedly procures from any supplier."  (ECF No. 19-1 at 7.)

1  Plaintiff counters its allegations are sufficiently factual to survive the motion to dismiss.  (ECF

2  No. 25 at 7.)

3            As stated above, Form 18 governs the sufficiency of plaintiff's direct infringement

4  allegations.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1334.

5  If plaintiff's second amended complaint sufficiently pleads factual allegations meeting the

6  requirements of Form 18, the second amended complaint has sufficiently pled the underlying

7  direct infringement requirement.  *Id.* at 1336.  "The touchstones of an appropriate analysis under

8  Form 18 are notice and facial plausibility."  *K-Tech Telecommunications*, 714 F.3d at 1286.

9  "While these requirements serve as a bar against frivolous pleading, it is not an extraordinarily

10  high one."  *Id.*

11            Here, the court finds the allegations in the second amended complaint satisfy the

12  requirements above.  The second amended complaint alleges the claims made in "the Patents-in-

13  Suit are used by [d]efendant in the manufacture of HDD heads, HGAs, and HSAs . . . ."  (ECF

14  No. 18 ¶ 20.)  Plaintiff further avers defendant "is actively inducing others to infringe one or

15  more claims of [the Patents-in-Suit] . . . through [d]efendant's activities related to making, using,

16  distributing, offering for sale and selling . . . HDD heads, HGAs, and HSAs . . . ."  (*Id.* ¶ 29.)

17  Furthermore, defendant, "with knowledge of the Patents-in-Suit, has specifically and intentionally

18  directed its suppliers [including, for example, Small Precision Tools] to manufacture infringing

19  bonding tools, tips, and other devices to [defendant's] specific, custom specifications, which

20  [defendant] then uses in its bonding processes."  (*Id.* ¶ 31.)  These allegations provide sufficient

21  notice and are facially plausible; they satisfy the Form 18 requirements.

22            2.        Knowledge of the Patents-in-Suit

23            After meeting and conferring with plaintiff, defendant has narrowed its motion to

24  the question of defendant's knowledge of the Patents-in-Suit to the '905 and '927 Patents only.

25  (*See* Def.'s Reply at 5–6, ECF No. 27.)

26            "The requirement that the alleged infringer knew or should have known [that its]

27  actions would induce actual infringement necessarily includes the requirement that [it] knew of

28  the patent."  *DSU Med. Corp.*, 471 F.3d at 1304.

1     Here, the court finds the allegations of knowledge insufficient to survive the

2  motion to dismiss.  As to the '905 and '927 Patents, plaintiff alleges defendant "acquired actual

3  knowledge and notice . . . prior to the filing of the current [a]ction."  (ECF No. 18 ¶¶ 30, 38, 46,

4  54, 62.)  That allegation is too general and conclusory because it is devoid of any factual details;

5  the allegation is silent as to how and when defendant acquired knowledge of those patents.  *See*

6  *Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, No. 10-715, 2011 WL 3946581, at *4

7  (N.D. Ill. Sept. 2, 2011) (where the plaintiff alleges "generally that the defendants had actual

8  knowledge of the patents at issue . . . , that general allegation would likely be too conclusory and

9  not set out a plausible claim").  The court GRANTS defendant's motion to dismiss as to the '927

10  and '905 Patents.

11     However, plaintiff sets forth new facts in its opposition brief that, along with the

12  general allegation of knowledge, may satisfy the knowledge element.  *See Orion Tire Corp. v.*

13  *Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001) ("new" facts in a plaintiff's

14  opposition papers can be considered by courts in deciding whether to grant leave to amend).  For

15  example, in its opposition brief, plaintiff states that defendant's wholly owned subsidiary owns a

16  patent, the '218 Patent, which under its "References Cited" section cites the '927 Patent.  (ECF

17  No. 25 at 8.)  Plaintiff argues that "[b]y affirmatively citing the '927 Patent on the face of the

18  '218 Patent, [defendant] necessarily must have had knowledge and notice of the '927 Patent."

19  (*Id.*)  Plaintiff further avers that defendant has cited the '927 Patent in the file history of one of its

20  other patents.  (*Id.*)

21     As to the '905 Patent, plaintiff says defendant knew of that patent since 2008

22  because plaintiff told defendant about that patent when plaintiff visited defendant's facilities in

23  Thailand.  (*Id.* at 9.)

24     The court grants plaintiff leave to amend, if it can do so consonant with Rule 11.

25  /////

26  /////

27  /////

28  /////

3.      Intent to Induce Infringement

Defendant argues plaintiff has not alleged intent to induce infringement of the

Patents-in-Suit.  (ECF No. 19-1 at 8.)  Here, as to all five patents, the second amended complaint

states:

> To the extent that [defendant] uses infringing bonding tools, tips,
> and other devices that are not manufactured directly by [defendant],
> . . . [defendant] knowingly induces infringement by its suppliers,
> including, for example, Small Precision Tools.  Plaintiff is informed
> and believes . . . that [defendant], with knowledge of the Patents-in-
> Suit, has specifically and intentionally directed its suppliers to
> manufacture infringing bonding tools, tips, and other devices to
> [defendant's] specific, custom specifications, which [defendant]
> then uses in its bonding processes.

(ECF No. 18 ¶¶ 31, 39, 47, 55, 63).

The court finds these allegations sufficient to survive the motion to dismiss

as to plaintiff's remaining patents, the '479, '864, and '548 Patents.  The second amended

complaint sets forth allegations showing defendant's knowledge of these patents since 2007.

(ECF No. 18 ¶¶ 30, 38, 46, 54, 62.)  If defendant, with that alleged knowledge, intentionally

directed its suppliers to manufacture products that were infringing of these patents, then, drawing

all inferences in plaintiff's favor, the allegations permit an inference that defendant possessed

specific intent to encourage infringement.  *Cf. PTT, LLC v. Gimme Games*, No. 13-7161, 2014

WL 5798148, at *10 (D.N.J. Nov. 6, 2014) (granting motion to dismiss because plaintiff did not

"allege any facts in the amended complaint as to how [the] [d]efendant actively induced a third

party to perform specific acts or how [the] defendant specifically intended for the induced acts to

infringe the patent").

Accordingly, the court DENIES defendant's motion to dismiss as to plaintiff's

claim for induced infringement of plaintiff's '479, '864, and '548 Patents.  As to the other two

patents, '905 and '927 Patents, as noted above, the court found the allegations of knowledge

insufficient to survive the motion to dismiss.

/////

/////

/////

7

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the court orders as follows:

1. The court GRANTS as unopposed defendant's motion to dismiss as to plaintiff's contributory infringement claim.

2. The court GRANTS defendant's motion to dismiss with leave to amend as to plaintiff's claim for induced infringement of plaintiff's '905 and '927 Patents.

3. The court DENIES defendant's motion to dismiss as to plaintiff's claim for induced infringement of plaintiff's '479, '864, and '548 Patents.

4. Plaintiff's Third Amended Complaint is due within twenty-one (21) days.

IT IS SO ORDERED.

DATED:  March 31, 2015.

_____
UNITED STATES DISTRICT JUDGE

8